INHABITANTS OF DETROIT, *petitioners, versus* COUNTY COM-
MISSIONERS OF THE COUNTY OF SOMERSET.

The R. S. c. 25, § 4, requires county commissioners, in locating a highway, to
" cause durable monuments to be erected at the angles thereof."

As a discharge of that duty, they may adopt, as monuments, county or town
lines, or natural objects, as trees, rocks or banks of rivers.

So " the top of a narrow horseback," on which a location is made, extending
through many courses and distances, may be adopted as furnishing a suf-
ficient monument at each of the angles.

Writs of *certiorari,* for the purpose of quashing the proceedings of county
commissioners in the establishment of highways, are grantable only at the
discretion of the Court.

Of the departure from statute requirements, which may be tolerated in such
proceedings.

Detroit *v.* County Commissioners.

Petition for a writ of certiorari.

The boards of county commissioners of the counties of Waldo and Somerset, acting jointly upon a proper petition, adjudged that a county highway, running into both counties, should be located and established. Pursuant to that adjudication, the commissioners of Somerset located that part of the way which was in their county. Their report of the location, so far as necessary to be transcribed, was as follows:—

"Beginning on the top of the horseback, on the West line of Detroit and the East line of Burnham, being the line between the two counties; thence following the top of a very narrow horseback the following courses and distances, [specifying five different courses with their distances without referring to any monuments,] to the East line of Burnham; thence N. 22°, E. 13 rods in Burnham to the West line of Detroit; thence [specifying four different courses with their distances, without referring to any monuments;] thence N. 8° 40′, W. 15 rods across the Sebasticook river; thence, [specifying three courses with their distances, without referring to any monuments,] to the West line of Detroit; thence [specifying nineteen different courses with their distances, without referring to any monuments,] to [a specified] town road; all the aforesaid distances on a narrow horseback, excepting across Sebasticook river;" thence four or five other courses, with their distances, and referring to a tree, or a stake, or a rock, for a monument at the end of each of the distances to a described point of termination. "Said described line being the centre of the road which is four rods wide." The commissioners adjudged that no person sustained any damage by the location, and allowed the towns two years, in which to make the road passable. Their report then proceeds to state that, "the aforesaid survey is delineated upon a plan, accompanying this report which makes a part of the same." The report bears date Aug. 14, 1846, and was returned and entered at the county commissioners' court at its October term, 1846. At that term, it was not recorded or ordered to be recorded; but was thence continued from

Detroit *v.* County Commissioners.

term to term until the October term, 1848, that all persons aggrieved by the location might have opportunity to be heard. At which term, no person having appeared to object thereto, and no damages having been claimed, the report was accepted and the road established, and the proceedings upon the petition closed.

This is a petition for a *certiorari*, with a view to quash the proceedings of the commissioners of Somerset county, in establishing the road.

The petitioners offer the following reasons : —

1. That the return of the doings of the commissioners does not exhibit an accurate plan or description of the highway.

2. No monuments at the angles of the road so laid out, were erected and described in their report.

3. That the plan of said highway, returned with and as a part of the return of the doings of the commissioners, was not seasonably recorded, and has not yet been recorded.

4. Because the aforesaid return of the doings of said commissioners and the plan of said highway, were not recorded, nor was either of them recorded, or ordered to be recorded at the regular session of said county commissioners' court, held next after such proceedings had been had and finished, and because neither was recorded, or ordered to be recorded, until the October term, 1848, of said court.

5. Because the original petition and proceedings were continued, after the return was made, and the proceedings therewith connected had been had and finished, until the fifth regular session thereafter, no petition for redress having been presented, touching any claim for damages, and there being no other good or legal cause therefor.

*Abbott,* for the petitioners.

1st. & 2d. As to the first and second objections, it is contended that the description is imperfect and defective. The law requires, (R. S. c. 25, § 4,) " that durable monuments should be erected at the angles." These monuments ought to be referred to in the return of the commissioners. In this

highway there are above thirty different courses; thirty angles, without any monument; without any means of determining the place of the angle upon the face of the earth, except by course and distance; a very unsatisfactory mode, likely to lead to future disputes and litigation; and not conformable to the express requirements of the law.

3d. The statute requires, (c. 25, § 3,) that the commissioners shall make " a correct return of their doings" " with an accurate plan" " to the regular session of said county commissioners' court to be held next after such proceedings shall have been had and finished; *and shall cause the same to be duly recorded.*"

This phrase, " *the same*" embraces as well " *the plan*" as " *the return.*" But *the plan* has *never been recorded. Besides, in this case, the plan is referred to in the return, not as a distinct matter, but as a part of the return itself.* The commissioners say in the last line to their return. —

" The aforesaid survey is delineated upon a plan accompanying this report, which makes a part of the same."

4th. The statute requires that *the return* should be made to the regular session of said court, next after the proceedings, and that it should be *then* recorded. [c. 25, § 3 and 5.) From an examination of these two sections, it is quite apparent, that the return should have been then recorded and the recording not have been delayed until after all the subsequent proceedings had been closed.

Such was the construction given to these two sections in the case of *Inhabitants of Starks* v. *Co. Com. Somerset Co.*, June term, 1849, not reported. For this defect alone, the writ in that case was granted, upon full argument, and the record was quashed for this cause at the June Term, 1851, by consent and without argument.

5th. The return and proceedings therewith connected were finished the 14th of Aug. 1846; the next regular session was in Oct. 1846, to which it was made. The statute requires, that it should be continued " *until their second next regular session, to be held thereafter.*" [c. 25, § 5.] *And if no*

*petition be then presented, the proceedings shall be closed, and so entered of record.*

*In this case there was no such petition, and yet there was a continuance until their fourth next regular session, being the 5th, after making their report.*

*Hutchinson,* County Att'y, *contra.*

TENNEY, J. — One of the alleged defects in the record is, that the return of the commissioners does not exhibit an accurate plan or description of the highway referred to. No such want of accuracy is perceived, and none is attempted to be pointed out in argument, and this point may be regarded as abandoned.

Another ground for the writ prayed for, is, that it is not stated in the return of the commissioners, that durable monuments were erected at the angles of the location. R. S. c. 25, § 4, requires the erection of such monuments by the commissioners, though it is not provided in terms, that it shall be shown by the return. This objection, to the record, has not a sufficient basis, even if the evidence of this requirement, ought to be in the return.

The commissioners may undoubtedly adopt natural objects as monuments as well as to establish those, which are entirely artificial. And it does not appear from the return, that this part of the commissioners' duty was disregarded, but it is evident that it was intended to be performed. In the commencement of the description of the laying out of the highway, they begin their location upon the top of a horseback at a place described, " thence following the course of a very narrow horseback, the following courses and distances, viz," &c. And after running many courses and distances, without always describing a monument at the end of each, they add, " all the aforesaid distances are on a narrow horseback, excepting across Sebasticook river." If the commissioners in any part of their location had bounded it upon the bank of a river, or a town line, it cannot be doubted that monuments would be indicated with sufficient exactness; and when they

say that the several courses and distances described, are upon the top of a narrow horseback, it is not apparent, that it is not equally a reference to durable monuments at the angles. That such was the purpose of the commissioners is manifest from the fact, that when they leave the top of the narrow horseback, they specify particularly the objects as monuments at the termination of the several courses and distances, through the residue of the description.

The defect, that there was a continuance in the commissioners' court, of the original petition and the proceedings under it, beyond the second next regular session to be held thereafter, has been decided not to amount to a loss of jurisdiction of the court, and a material error, there having been no application in behalf of proprietors of lands, on account of damages estimated, or omitted. *Orono* v. *County Commissioners*, 30 Maine, 302. The petition for *certiorari* in the case now before us, in this respect, is on account of a supposed defect in the record similar to the one exhibited in the case referred to.

The duty of the commissioners to cause their returns to be recorded, as required by R. S. c. 25, § 3, has been affected by statute of 1852, c. 221, § 1, in which it is provided that the record shall be made " whenever the proceedings in relation thereto shall be completed, and the said return, pending such proceedings, shall remain upon the said commissioners' files in the custody of their clerk, for the inspection of interested parties."

The Legislature, by causing the general statute to be so amended, manifestly designed that the evidence of the proceedings, in cases therein referred to, accruing subsequent to this amendment, should not be treated as essentially defective, for the reason only, that those proceedings were not spread upon the records.

The same chapter provided, in § 2, a cure for such defects, which had occurred previous to the Act of amendment. This last provision is annulled by c. 26, § 1, of the statutes of 1853, so that the amendment in the statute of 1852, as

it now stands, may be regarded as prospective only. The question however, whether the writ shall be granted or not, is to the discretion of the Court. There is no suggestion, that the return of the proceedings in the case before us, were not made to the clerk and remained upon his files, open to the inspection of interested parties; and none that the petitioners had not full knowledge thereof. If so, they were in possession of all the facts now deemed by the Legislature as material. In the exercise of a discretionary power, it is ordered by the Court, that the petition be dismissed.

SHEPLEY, C. J., and HOWARD and APPLETON, J. J., concurred.